UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | '08 MJ 1331 |
| ) | Magistrate Case No._____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Conrado RAMIREZ-Franco** ) | Attempted Entry After |
| ) | Deportation |
| Defendant. ) | |
| ) | |

FILED
08 APR 29 AM 9:16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

The undersigned complainant being duly sworn states:

On or about **April 28, 2008**, within the Southern District of California, defendant **Conrado RAMIREZ-Franco**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **29th** DAY OF **APRIL, 2008.**

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On April 27, 2008, at about 9:42 PM, a male individual later identified as **Conrado RAMIREZ-Franco (Defendant)** attempted to enter the United States without inspection while concealed behind the driver's bench seat of a 1969 Chevrolet pick up truck driven by Maria Luisa RAMIREZ. Defendant was discovered by Customs and Border Protection (CBP) Officers of the Anti-Terrorism Contraband Enforcement Team (ATCET) who were performing pre-primary roving operations at the San Ysidro, California Port of Entry vehicle primary lanes. Upon being discovered, the vehicle and its occupants were escorted to secondary for further inspection.

In secondary, CBP Officers removed Defendant from behind the bench seat of the pick up truck. Defendant was determined to be a citizen and national of Mexico without entitlements to legally enter and or reside in the United States. Immigration Service records, including the Deportable Alien Control System (DACS) identified Defendant as a citizen and national of Mexico and previously deported/removed alien. DACS information indicates that Defendant ordered deported from the United States by an Immigration Judge on or about November 10, 1999. Service records contain no evidence that Defendant has applied for or received permission to legally re-enter the United States.

During an oral interview, Defendant was advised of his Miranda rights. Defendant elected to make a statement without the presence of counsel. Defendant freely admitted to attempting illegal entry into the United States. Defendant stated that he has been previously deported from the United States and has not applied for a pardon nor has he received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally seek reapplication for admission.